IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| MADISON STREET PROPERTIES, LLC, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>THE MARCUS CORPORATION, )<br>)<br>Defendant. )<br>) | Case No. 3:20-cv-50471 |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR ATTORNEYS' FEES**

NOW COMES the Plaintiff, MADISON STREET PROPERTIES, LLC, by and through its undersigned attorneys, and for its Response to the Marcus Corporation's Motion for Attorneys' Fees, states as follows:

### I. INTRODUCTION

On December 3, 2020, Madison Street Properties, LLC ("Madison") filed its Complaint for Declaratory Judgment. Madison sought a Declaratory Judgement that its present and anticipated use of the Mark HOTEL KATE does not infringe upon any rights The Marcus Corporation ("Marcus") may have in the Mark SAINT KATE. Before the Complaint was filed by Madison, there were communications between the attorneys for Madison and Marcus wherein Marcus asserted that the use of the Mark HOTEL KATE would violate Madison's use of the name SAINT KATE Hotel. HOTEL KATE was to be a boutique-hotel located in downtown Rockford, Illinois, with approximately 46 rooms. The SAINT KATE - The Arts Hotel, is a large hotel located in downtown Milwaukee, Wisconsin. Correspondence between legal counsel for Madison and Marcus are attached to the Complaint as exhibits 1, 2 and 3. (Dkt. # 1) An obvious

1

dispute existed between the parties over whether the Mark HOTEL KATE would interfere with Marcus' SAINT KATE Mark.

## II. BACKGROUND

Since the case was filed, both parties engaged in written discovery as well as the taking of multiple depositions. Madison diligently prosecuted its case to this point, and there is no evidence Madison has litigated in bad faith or engaged in any egregious conduct. As a result of circumstances wholly separate from the merits of the parties' claims in this case, however, Plaintiff has elected not to pursue development of HOTEL KATE at this time and thus filed its motion to voluntarily dismiss its claims in this case because the end of the development of the hotel marked the end of any dispute or controversy between the parties.

As set forth in the Affidavit of Peter Provenzano, the sole member of Madison, the development of HOTEL KATE was delayed due to several factors, including Covid and obtaining historic landmark status. A copy of the Affidavit of Peter Provenzano is attached hereto as **Exhibit A**. The cost for the development of HOTEL KATE increased by several million dollars. Ex. A (Affidavit of Peter Provenzano), at ¶¶ 4 – 6. One of Madison's lenders withdrew its funding for the project. Ex. A (Affidavit of Peter Provenzano), at ¶ 6. As a result, the decision was made by Madison to abandon the development of the HOTEL KATE. Ex. A (Affidavit of Peter Provenzano), at ¶¶ 7 – 8.

Madison's decision to abandon the project had nothing to do with the merits of the case. Ex. A (Affidavit of Peter Provenzano), at ¶¶ 8 – 9. As the hotel project would no longer be moving forward, it made little sense to proceed with the litigation, and on June 14, 2022, Madison filed a Motion to Voluntarily Dismiss the Case. After the filing of the Motion to Dismiss, Marcus filed a Motion for Attorneys' Fees. In its Memorandum, Marcus argues that it is

4870-3336-8361

entitled to attorneys' fees as a result of it being the prevailing party and because the case is exceptional. Marcus is incorrect on both points.

Marcus claims it is the prevailing party in this case simply because Madison filed a Motion to Voluntarily Dismiss Pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. Rule 41(a)(2), in pertinent part, provides:

> (2) By Court Order; the Effect. *Except as provided in Rule 41(a)(1), an action may be dismissed at the Plaintiff's request only by Court order, on terms as the Court considers proper. If a Defendant has pleaded a Counterclaim before being served with the Plaintiff's Motion to Dismiss, the action may be dismissed over the Defendant's objection only if the Counterclaim can remain pending for independent adjudication. Unless the order states otherwise, the dismissal under this paragraph (2) is without prejudice.*

Fed. R. Civ. P. 41(a)(2). In its Motion to Voluntarily Dismiss, (Dkt. # 46), Madison acknowledges and does not seek to dismiss Defendant's Counterclaims which shall remain pending. It is within the Court's sound discretion to grant or deny a motion for voluntary dismissal without prejudice. *Tolle v. Carroll Touch, Inc*. 23F3rd 174, 177(7th Cir. 1994).

### III. ARGUMENT

In this case, the Plaintiff, Madison, seeks to voluntarily dismiss the case not because of the merits of the case, but rather because of changed circumstances. Madison chose to file the Motion to Voluntarily Dismiss the Case because of changed circumstances as explained in the Affidavit of Peter Provenzano attached hereto as Exhibit A as part of Madison's Response to

3

Defendant's Motion for Attorneys' Fees[1]. It was no longer feasible to move forward with the hotel project. The circumstances that caused this change were outside of the control of Madison. Madison could not have foreseen the rise in the cost of the project prior to the time it sought to seek current bids. It would be unfair to prejudice Madison due to the recent increases in prices of construction, materials, and the equipment for the restaurant resulting from world events, including, but not limited to, the Ukraine war. These price increases, which have been felt throughout the entire economy, are of very recent vintage. There has been no decision on the merits in this case and, despite not prevailing on any issue in the case, Marcus is seeking a dismissal with prejudice for the sole purpose of being able to assert claims for its attorneys' fees. The attempt to obtain attorneys' fees for a voluntary dismissal which has no adverse impact on the rights of Marcus is wholly improper. A voluntary dismissal without prejudice due to changed circumstances simply cannot support a finding that Marcus is the prevailing party in this case.

Even if the Court conditions granting Plaintiff's Motion to Voluntarily Dismiss on the dismissal being with prejudice, that is only the first hurdle for Marcus to be entitled an award of its attorneys' fees. Under the Lanham Act, a Court may award reasonable attorneys' fees to the prevailing party in an "exceptional case." 15 USC § 1117(a). In *Octane Fitness, LLC v. ICON Health & Fitness, Inc.* 572 U.S. 545, 554 (2014), the United States Supreme Court addressed an identical provision in the Patent Act, 35 U.S.C, § 285, and defined an "exceptional case" as one that stands out from others with respect to (1) the substantive strength of the parties litigating position (considering both the governing law and the facts of the case), and (2) the unreasonable manner in which the case was litigated. *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*,

---

[1] Even if the Court decides it will not consider Exhibit A in connection with Madison's Motion to Dismiss, Exhibit A can be considered by the Court in connection with Madison's Response to Marcus's Motion for Attorneys' Fees.

4

572 U.S. 545, 554 (2014). The Court further went on to state there is no precise rule or formula for making such decisions but provided a non-exclusive list of relevant factors to consider. *Id.* Those factors include frivolousness, motivation, objective unreasonableness (both in factual and legal components of the case and the need in particular circumstances to advance considerations of compensation and deterrents). *Id.*

After the Supreme Court's decision in *Octane Fitness,* the Seventh Circuit considered the similar issue in *LHO Chicago River, L.L.C. v. Perillo,* 942 F.3d 384 (7th Cir. 2019) ("LHO 1"). In LHO 1, Seventh Circuit adopted the *Octane Fitness* exceptional case standard as a governing framework for attorneys' fees request under §1117(a) of the Lanham Act. In that case, the Plaintiff owned the "Hotel Chicago" Trademark and sued the Defendant for trademark infringement and unfair competition after Defendant opened its own "Hotel Chicago" three miles from the Plaintiff's site. After approximately one year of litigation, Plaintiff moved voluntarily to dismiss the claim with prejudice. Three months later, Defendant requested more than $500,000.00 in attorneys' fees, arguing the fees were warranted under the Lanham Act because the case qualified as "exceptional." The District Court denied the request under the "abuse of process" standard used in *Burford v. Accounting Practice Sales, Inc.* 786 F3d 582 (7th Cir. 2015).

Defendant appealed the denial of fees, arguing that the District Court should have applied the test announced in *Octane Fitness* to determine whether the case was exceptional. The Seventh Circuit agreed and instructed the District Court analyzing such request to examine the "totality of the circumstances" and exercise their "equitable discretion" considering the factors identified in *Octane Fitness*. *LHO I*, 942 F.3d at 388. The Seventh Circuit found that "abuse-of-process" standard from *Burford* to be overly rigid and inflexible. *Id.* The case was remanded. *Id.* at 389. In February of 2020, Defendant filed a renewed request for attorneys' fees. Defendant

5

argued that, considering the weakness of Plaintiff's position on the merits, its motive in bringing the suit, and its misconduct in discovery, the case was exceptional under the *Octane Fitness* standard. *Id.* In July 2020, the District Court denied the request under pending appeal. *Id.*

In *LHO Chicago River L.L.C. v. Rosemoor Suites, LLC,* 988 F.3d 962 (7th Cir. 2021) ("*LHO II*"), the Seventh Circuit affirmed, finding the District Court properly considered the evidence under the *Octane Fitness* framework as laid out in *LHO I,* and reasonably determined that the case did not qualify as exceptional. *Id.* at 970. The Seventh Circuit found that the District Court properly structured its analysis around the two prong *Octane Fitness* Standard: (1) the substantive strength of the parties litigating position, and (2) the unreasonable manner of litigation. *Id.* at 967 – 971. The Seventh Circuit reiterated relevant factors to consider under the two-prong analysis including frivolousness, motivation, objective, unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance the considerations of compensation and deterrents. *LHO II*, 988 F.3d at 965. Specifically, the Seventh Circuit stated the relevant factors to consider are the first prong of the *Octane Fitness* Standard are "at least" frivolousness and objective unreasonableness. *Id.* at 967.

The Seventh Circuit listed numerous reasons for supporting the District Court holding that the substantive strength of Plaintiff's litigation position was not "exceptionally weak". *Id.* In that case, the District Court initially determined that Plaintiff was likely to succeed on the merits of its claims and recommending granting a motion for preliminary injunction. Second, the Defendant itself filed numerous intent-to-use applications for the "Hotel Chicago" Trademark, which undermined Defendant's argument that Plaintiff acted frivolously because the Mark was "plainly unworthy of protection." *Id.* at 968. Third, Plaintiff provided evidence of actual confusion from 17 customers and Defendant admitted the confused travelers who called this

6

hotel thinking they were talking to someone in Plaintiff's hotel. *Id.* Fourth, both the Magistrate and District Judges found that the Plaintiff provided evidence of significant, widespread marketing efforts, global promotion, the sales volume to demonstrate that Mark had acquired secondary meaning. *LHO II*, 988 F.3d at 968. Lastly, the Plaintiff's request for a preliminary injunction was not significant enough to show the claim was exceptionally weak. *Id.* Taking all those factors into consideration, the Seventh Circuit repeated that the District Court's finding was reasonable based on the lack of evidence showing the frivolousness and objective unreasonableness of Plaintiff's claim. *Id.*

Analyzing the second prong of the *Octane Fitness* Test, the Seventh Circuit stated relevant factors include the party's motivation, the need in particular circumstances to advance considerations of compensation and deterrents. *Id.* at 969. Again, the Seventh Circuit found the District Court's decision to be reasonable, and that the Plaintiff's conduct of the litigation was not unreasonable enough to justify fee shifting. *Id.* at 969 – 970. Defendants argued that the Plaintiff litigated the case in an unreasonable manner because Plaintiff knew the case was "bunk from the beginning" based on a 2013 email. *Id.* at 969. The District Court rejected this argument because there was sufficient evidence to show that the Plaintiff had reason to believe it had developed protectable trademark rights since the 2013 email. *Id.* Further, the District Court rejected Defendant's argument that the Plaintiff litigated the case in an unreasonable manner because Plaintiff's actions in litigation, though not perfect, were not so egregious and reprehensible to make the case stand out from others. *Id.* at 969 – 970. The Seventh Circuit affirmed the District Court's findings that the case was not an exceptional case, and that the Defendant was not entitled to an award of attorneys' fees. *Id.*

In order for Marcus to show that the instant case is an "exceptional case" warranting an award of attorneys' fees against Madison, Marcus must demonstrate under the totality of circumstances that this case stands out from others with respect to (1) the substantive strength of a party's litigation position (considering both the governing law and facts of the case) or (2) the unreasonable manner in which the case was litigated. *LHO II*, 988 F. 3d at 967. Marcus cannot demonstrate the instant case is "exceptional" under either prong of this standard and thus cannot possibly be entitled a fee-shifting award of attorneys' fees.

Marcus attempts to support its vague, baseless assertion of bad faith litigation conduct by stating that Madison prosecuted "meritless claims" for eighteen months, only to drop the case and agree to take the actions proposed by Marcus over two years ago shortly after being served with extra reports which Marcus claims show support for Marcus' claim that Madison's conduct created real consumer confusion. Nothing could be further from the truth. This case involves whether there would be any confusion between HOTEL KATE, a 46-room boutique hotel located in downtown Rockford and SAINT KATE - The Arts Hotel, a high-priced large hotel located in downtown Milwaukee. From a very basic concept, in a common-sense approach, it is hard to believe that a party making reservations for a hotel in downtown Milwaukee, Wisconsin, would book a reservation in downtown Rockford, Illinois, over 60 miles away. The issue of whether there is any consumer confusion between Hotel Kate and the Saint Kate Hotel – The Arts Hotel is much disputed and has not been decided in this case.

In accordance with the Court expert scheduling order, Madison had retained a consultant, Amanda Schlumpf, to prepare an expert report pertaining to whether there was any consumer confusion as to whether the names used by Madison and Marcus will cause any consumer confusion. A copy of her expert report is attached hereto as **Exhibit B**. The report concludes that

8

there would be no consumer confusion and that it: "is also highly unlikely that the two properties would have the same customer target or even marginal overlap when booking a trip." Ex. B. (Schlumpf Report) at 25. The purpose of raising this issue is two-fold. First, based on the timing of the Motion to Voluntarily Dismiss, Madison was never required to provide a copy of this expert report to Marcus. However, if Madison was not proceeding in good faith and did not believe that its case had significant merit, why would it order and pay for an expert report. It is simply not true that Madison was not proceeding in good faith or that its claims did not have merit, and there is no evidence supporting Marcus' argument to the contrary.

At this stage of the case and without a decision by the Court on the merits of the parties' claims, it is simply impossible for Marcus to claim it has prevailed on the merits in demonstrating Madison's use of the Mark HOTEL KATE infringed on the Marcus' SAINT KATE Mark or that any damages were suffered in connection with the same. The voluntary dismissal of Madison's claims has no bearing on the merits of the parties' respective claims, and it is clear and apparent that the merits are disputed and unresolved. Marcus cannot possibly demonstrate it is the prevailing party in this case, and it further cannot demonstrate that this is an "exceptional" case warranting an award of attorneys' fees under the fee-shifting provision of the Lanham Act.

### IV. CONCLUSION

For the foregoing reasons, Marcus is not a prevailing party in this case and this case is not exceptional. Marcus has not demonstrated that it is the prevailing party in this case, and Marcus has not shown that Madison's position was frivolous or unreasonable. There is absolutely no evidence presented to the Court that Madison's motivation in filing of the lawsuit was improper. There was a legitimate dispute between the parties as to whether or not the HOTEL KATE Mark

4870-3336-8361

infringed on the SAINT KATE Mark, and that dispute was not resolved on the merits. Given the nature of the case, finding this case to be exceptional would not further the considerations of compensation and deterrents.

Accordingly, Madison respectfully requests that this Court enter an Order denying Marcus' Motion for Attorneys' Fees.


Dated: September 6, 2022                    Respectfully submitted,


                                            /s/ Thomas J. Lester

                                            Thomas J. Lester
                                            Allen Galluzzo Hevrin Leake, LLC
                                            839 N. Perryville, Suite 200
                                            Rockford, IL 61107
                                            815-265-6464
                                            tlester@aghllaw.com

                                            Mark K. Suri
                                            Roger M. Masson
                                            Hinshaw & Culbertson LLP
                                            151 N. Franklin Street , Suite 2500
                                            Chicago, Illinois 60606s
                                            (312) 704-3000
                                            msuri@Hinshawlaw.com
                                            rmasson@Hinshawlaw.com

                                            *Attorneys for Plaintiff and Counterclaim
                                            Defendant Madison Street Properties, LLC*

4870-3336-8361