IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| MADISON STREET PROPERTIES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 3:20-cv-50471 |
| | ) | |
| THE MARCUS CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL**

NOW COMES the Plaintiff, MADISON STREET PROPERTIES, LLC, by and through its undersigned attorneys, and for its Response to the Marcus Corporation's Opposition to Plaintiff's Motion for Voluntary Dismissal, states as follows:

**I. INTRODUCTION**

Since receiving the first threatening letter from Defendant, Marcus Corporation ("Marcus"), on January 3, 2020, Plaintiff, Madison Street Properties, LLC's ("Madison") position has remained constant: that Madison's HOTEL KATE Mark does not infringe on Marcus's SAINT KATE – The Arts Hotel ("SAINT KATE") Mark. Madison did not believe then, nor does it believe now, that the HOTEL KATE Mark infringes in any way on Marcus's SAINT KATE. Just because Marcus's attorney say it does, does not make it so. The Court has made no finding that Madison's Mark infringes on Marcus's Mark. As set forth in Mr. Provenzano's Affidavit attached hereto as Exhibit A, the reason for Madison filing the Motion to Voluntarily Dismiss is due to change of financial circumstances and it was no longer feasible to move forward with the HOTEL KATE project. Therefore, Madison's Motion to Voluntarily Dismiss pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure should be granted

1

without prejudice. Madison is not seeking dismissal of Marcus's Counterclaims at this time, and it would be unduly prejudicial to Madison to condition the dismissal on being with prejudice.

## II. LEGAL STANDARD

In *Mallory v. Rush Univ. Med. Ctr.*, N.D. Ill. No. 18 C 4364, 2020 WL 6559155, the District Court for the Northern District of Illinois set forth the legal standards to be employed by a District Court when deciding whether to grant or deny a Motion for Voluntary Dismissal Without Prejudice. The decision to grant or deny a Motion for Voluntary Dismissal Without Prejudice is "within the sound discretion of the District Court." *Tolle v. Carroll Touch, Inc*. 23F3rd 174, 177(7th Cir. 1994). One of the factors a District Court considers is whether the dismissal without prejudice would cause the Defendant to "suffer plain legal prejudice." *United States v. Outboard Marine Corp*. 789 F2nd 497, 502 (7th Cir. 1986).

## III. ARGUMENT

Dismissal of this case without prejudice would not result in any plain legal prejudice to the Defendant. Defendant's Mark, SAINT KATE – The Arts Hotel, remains undisturbed. Rule 41(a)(2) provides, in part: "If a Defendant has provided a counterclaim before being served with Plaintiff's Motion to Dismiss, the action may be dismissed over the Defendant's objection only if the Defendant's counterclaim can remain pending for independent adjudication."
In its Motion to Dismiss, Madison clearly states in its Motion for Voluntary Dismissal that it does not seek to dismiss the Defendant's counterclaims. Madison has ceased using the name HOTEL KATE, has taken down the HOTEL KATE webpage as well as all social media. Marcus' legal rights as it relates to the SAINT KATE – The Arts Hotel is not prejudiced in any way by dismissal of this case. The mere payment by Marcus of an unknown amount of attorneys' fees does not result in legal prejudice as it does not impact Marcus' legal rights going forward.

2

In *Pace v. So. Express Co.,* 409 F.2d 331(7th Cir. 1969), the Seventh Circuit identified four factors to be considered by the Court in deciding a Rule 41(a)(2) Motion. Those factors are: 1.) Defendant's effort and expense of preparation for trial; 2.) Excessive delay and lack of diligence on the parts of the Plaintiff in prosecuting the action; 3) Insufficient explanation for the need to take a dismissal; and 4.) The fact that a Motion for Summary Judgment had been filed by the Defendant. *Pace* at 3 citing *Tyco Labs, Inc. v. Koppers Co.*, 627 F.2d 54, 56(7th Cir. 1980).

As to the first *Pace* factor, Defendant's effort and expense in preparation for trial, it is true that both the Plaintiff and Defendant have expended attorneys' fees in connection with discovery in this case. However, Marcus does not disclose the amount of fees and costs it is seeking.

Different from *Mallory*, Plaintiff is not seeking to dismiss this case on the eve of trial nor is Madison seeking to have Marcus's Counterclaims dismissed. It is true that while both sides have retained experts, Madison timely filed this Motion to Dismiss after the determination was made that it would not be moving forward with the Hotel Kate project. Madison promptly filed the Motion for Voluntary Dismissal in order to avoid the further expenditure of attorneys' fees by either side. In its Motion for Voluntary Dismissal, Madison informed the Court that it was seeking voluntary dismissal of Plaintiff's case as a result of changed circumstances. At that time, Plaintiff did not know that Marcus would be pursuing recovery of its attorneys' fees. Plaintiff's counsel did not ask Madison's counsel what the changed circumstances were, nor did Marcus bring that up or ask in the status call held by the Court after the Motion had been filed. This factor weighs in favor of the Plaintiff.

4870-3336-8361

The second *Pace* factor is excessive delay and lack of diligence on the part of the Plaintiff in prosecuting the action. The record reflects that the Plaintiff diligently prosecuted this action, and Marcus does not raise any argument to the contrary in its Opposition to Plaintiff's Motion to Voluntary Dismiss. This factor weighs in favor of the Plaintiff.

The third *Pace* factor looks at the sufficiency of the Plaintiff's explanation for requesting dismissal without prejudice. In this case, in its Motion for Voluntary Dismissal, Plaintiff explained that it was due to changed circumstances, but did not expand beyond that. In its' Response Brief, Madison has further explained its' reasons for a dismissal. While not expansive, the Plaintiff did set forth in its motion, an actual reason for dismissal, changed circumstances. Mr. Provenzano's Affidavit attached to this Response as Exhibit A clearly sets forth the reasons for the changed circumstances. Madison wanted to inform that Court and Marcus of the decision as soon as possible, before getting into a detailed public document as to why it was dismissing the claim. Madison needed to contact other individuals, including City and the other lenders of its decision. While Madison admits that its' Motion did not contain a full explanation of the reasons, this is not a situation similar to that in *Mallory*. In *Mallory*, the Motion to Dismiss was filed after all discovery had been complete, Defendant's Motion for Summary Judgment had been decided and the case was ready for trial. *Mallory* at 3. In *Mallory,* there is a long litany of prior abuses of the system by Plaintiff's counsel, multiple missed deadlines and in fact, sanctions had been imposed on Plaintiff's counsel during that lawsuit. *Id.* In this case, there is no allegation of any improper conduct on the part of Plaintiff or its' counsel and dismissal is being sought prior to the time expert depositions were to be taken and prior to the filing of any Motion for Summary Judgment. The parties were well short of the case being

4870-3336-8361

ready for dispositive motions or trial. The Complaint in this matter was filed a little under two years ago, much of that time, especially 2021, things moved more slowly because Covid. As was the case with *Mallory*, Madison is not motivated to dismiss the Complaint because it believes that "dismissing the case would enable her to "evade the rulings of this court" or being assigned "a different set of judges"" when refiling her case. Mallory at 3-4. It is clear that since Madison is abandoning the Hotel Kate project, it will not be refiling the case.

The fourth *Pace* factor is whether or not a Dispositive Motion or Motion for Summary Judgment has been filed by the Defendant. In this case, there has been no Motion for Summary Judgment filed by the Defendant nor are there any Dispositive Motions filed as to any part of the Complaint pending before the Court. Clearly, this factor weighs in favor of the Plaintiff.

In *Tyco Labs, Inc. v. Koppers Co.*, 627 F.2d 54, 55 (7th Cir. 1980), in discussing the Motion to Dismiss under Rule 41(a)(2), the Court stated "the enumerations of the factors to be considered in *Pace* is not equivalent to a mandate that each and every such factor be resolved in favor of the moving party before dismissal is appropriate. It is rather simply a guide for the trial judge, in whom the discretion it is ultimately rests." It is clear in this case that Madison meets three of the four *Pace* factors. If the Court considers Mr. Provenzano's Affidavit, then Madison has met all four factors. If the Court decides not to consider Mr. Provenzano's Affidavit in connection with this Motion, then there is a question as to whether or not whether Plaintiff meets the third *Pace* factor.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Voluntary Dismissal, without prejudice should be granted.

5

Dated: September 6, 2022                                  Respectfully submitted,

/s/ Thomas J. Lester

Thomas J. Lester
Allen Galluzzo Hevrin Leake, LLC
839 N. Perryville, Suite 200
Rockford, IL 61107
815-265-6464
tlester@aghllaw.com

Mark K. Suri
Roger M. Masson
Hinshaw & Culbertson LLP
151 N. Franklin Street , Suite 2500
Chicago, Illinois 60606s
(312) 704-3000
msuri@Hinshawlaw.com
rmasson@Hinshawlaw.com

*Attorneys for Plaintiff and Counterclaim Defendant Madison Street Properties, LLC*

4870-3336-8361