IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| MADISON STREET PROPERTIES, LLC, | |
| Plaintiff, | |
| vs. | Case No. 3:20-cv-50471 |
| THE MARCUS CORPORATION, | |
| Defendant. | |

**THE MARCUS CORPORATION'S REPLY BRIEF IN SUPPORT OF ITS
MOTION FOR ATTORNEYS' FEES**

I.     INTRODUCTION

Marcus is entitled to attorneys' fees for at least two reasons. First, the Court should condition Madison's voluntary dismissal request on reimbursement of Marcus's fees. Second, in the alternative, if Madison's Complaint is dismissed with prejudice, Marcus should be considered the prevailing party, and fees should be awarded to Marcus because this case is exceptional as evidenced by Madison's conduct. Nothing Madison offers in its Response to Marcus's Motion for Attorneys' Fees is to the contrary.

Madison is careful to state that its unfinished Hotel Kate project is being set aside "at this time," suggesting – if not strongly implying – that when the business climate is more favorable and to its liking, Madison will reengage its lenders, and the theoretical Hotel Kate will spring back to life. Madison says nothing about abandoning the "Hotel Kate" name, and Madison artfully avoids representing that it is foregoing the concept in its entirety. The prospect of serial litigation over Marcus's SAINT KATE trademark and Madison's changing business whims is severely prejudicial to Marcus and further underscores the importance of awarding Marcus its attorneys' fees and costs to deter this outcome. A dismissal of Madison's Complaint without prejudice or a voluntary dismissal without imposition of attorneys' fees and costs paves the way to an inequitable and untenable situation that may easily be prevented by granting the relief Marcus requests.

From the outset, Madison willfully chose a name for its hotel concept that infringed on Marcus's well-established and federally registered SAINT KATE mark. Now, the Court should reject Madison's attempts to ignore the eighteen months of expensive litigation that Madison initiated over a speculative development that Madison admits it did not even have funding for until May 2022 – well after the parties (i) completed extensive fact discovery, including exchanging documents, written discovery requests, subpoenaing multiple third party witnesses for documents and testimony, and taking nine depositions, (ii) retained experts, (iii) exchanged opening expert

1

reports, which highlight the consumer confusion between SAINT KATE and Hotel Kate, and (iv) having nearly completed all necessary pre-trial tasks. Marcus has incurred significant legal fees and expenses as a result of defending this action – an action that never should have been filed in the first place.

II. **ARGUMENT**

    A. **Any Voluntary Dismissal Without Prejudice Must Be Conditioned on Payment of Attorneys' Fees and Costs**

As a threshold matter, Madison's September 6, 2022 Response to Marcus's Opposition to Madison's Motion for Voluntary Dismissal, (Dkt. 59), and the corresponding Peter Provenzano Affidavit, (Dkt. 59-1), can be ignored in their entirety. They were filed late and out of time, well-after Madison's August 26, 2022 deadline. (Dkt. 51.) Madison was well-aware of the missed deadline. (*See* Dkt. 55 at 1-2, n.1-2.) Nevertheless, Madison's Motion for Leave to File Late Reply was not directed to correcting its filing misstep associated with its Motion for Voluntary Dismissal. (*See* Dkt. 56.) And, the Court never granted permission for such a tardy reply. (Dkt. 57.) But even considering the too late Response, dismissal after eighteen months of litigation would cause Marcus plain legal prejudice. Any dismissal without prejudice must be conditioned on awarding Marcus its attorneys' fees and costs.

As discussed in Marcus's Opposition Brief, (Dkt. 52), where dismissal without prejudice would result in plain legal prejudice to the defendant, the Court may either deny the motion or "may impose such terms and conditions as it believes necessary to protect the other parties from prejudice." *Ratkovich By & Through Ratkovich v. Smith Kline,* 951 F.2d 155, 158 (7th Cir. 1991). In determining whether prejudice exists, courts in this Circuit have laid out a variety of factors to use as a guide for the trial judge's discretion. *See Pace v. So. Express Co.*, 409 F.2d 331, 334 (7th Cir. 1969); *see also, e.g.*, *Planet Ins. Co. v. Griffith*, 712 F. Supp. 659, 661 (N.D. Ill. 1989); *Mallory*

2

*v. Rush Univ. Med. Ctr.*, 18 C 4364, 2020 WL 6559155, at *3 (N.D. Ill. Nov. 9, 2020). Particularly relevant to the present circumstances, courts look to the defendant's effort and expense in preparing for trial and the sufficiency of the explanation for the need to take a dismissal. *Pace v. So. Express Co., 409 F.2d 331*, 334 (7th Cir. 1969). These factors favor a dismissal with prejudice, as does the fact that Defendant Marcus has filed a counterclaim prior to the time that Plaintiff Madison has moved to dismiss. *See Tyco Labs., Inc. v. Koppers Co.*, 627 F.2d 54, 56 (7th Cir. 1980).

First, Madison attempts to deflect by arguing that the money Marcus spent litigating is immaterial because both parties incurred expenses. However, under the proper analysis, this Court should only look to the effort and expense the *defendant* (Marcus) has incurred as Marcus is the party most impacted by Madison's decision to voluntarily dismiss its claims. Here, Marcus was required to defend its valuable SAINT KATE mark, which included successfully challenging Madison's efforts to federally register "Hotel Kate" through inequitable conduct committed on the United States Patent and Trademark Office – a federal trademark application that Madison has now abandoned. (Dkt. 47 at ¶ 7.) This has resulted in hundreds of thousands of dollars in legal fees and costs to the detriment of Marcus.

Second, Madison's Provenzano Affidavit explaining the purported "changed circumstances" leading to the request for a voluntary dismissal is irrelevant. (Dkt. 59-1.) This Affidavit and the related arguments need not be considered. "[R]eply briefs are for replying, not for raising and developing points that ought to have been raised and developed in an opening brief." *Mallory*, 2020 WL 6559155, at *5 (quoting *Franklin v. Howard Brown Health Ctr.*, No. 17 C 8376, 2018 WL 4590010, at *2 (N.D. Ill. Sept. 25, 2018)). Parroting that Affidavit in response to Marcus's Motion for Attorneys' Fees does not change the result. As such, Madison's opportunity to explain its reasoning for moving for voluntary dismissal was waived when it did not raise it in its opening brief.

However, even crediting the newly alleged "changed circumstances," Madison's arguments still fall flat. According to Provenzano, Madison had not even secured financing for the Rockford hotel project until May of 2022 – a year and a half after filing this case and more than two years after Marcus demanded that Madison cease and desist. This means that Madison filed and then pressed its claims without even knowing *if* a Hotel Kate would come to fruition. Any decision now to postpone this project offers no certainty or comfort to Marcus. At any time, Madison may decide to restart its project and refile this litigation. Dismissal without prejudice leaves Marcus vulnerable to incurring duplicative attorneys' fees and costs, not to mention the threat of the continued burden and inconvenience of litigation. To prevent this injustice to Marcus, should the Court elect to dismiss Madison's claims without prejudice, it must condition the dismissal on an award of attorneys' fees to Marcus.

Finally, the Court should not overlook that plain legal prejudice is likely to exist "where the defendant has filed a counterclaim prior to the time that plaintiff has moved to dismiss," which is exactly the circumstances here. *See Tyco*, 627 F.2d at 56. Madison ignores this precedent and instead insists that since it is allowing Marcus's claims to remain pending, Marcus is not prejudiced. However, the law is inapposite. The fact that Marcus filed counterclaims only makes dismissal at this juncture all the more prejudicial. Whether Madison has now temporarily ceased using the "Hotel Kate" name or taken down the development's website and other social media is beside the point. These facts do not bear on the test for legal prejudice outlined in either *Pace* or *Tyco*. They do, however, resolve much of the controversy from which Marcus's counterclaims stem. Since Madison has – at least temporarily – ceased infringement of Marcus's federally registered SAINT KATE trademark, Marcus's counterclaims are largely moot. But, if the Court dismisses Madison's claims without prejudice conditioned upon an award of Marcus's attorneys'

4

fees and costs, Marcus will also drop its counterclaims, which mitigates Marcus's prejudice from the possibility of relitigating these same issues down the road.

### B. Dismissal with Prejudice Justifies Attorneys' Fees Under the Lanham Act

As outlined in Marcus's opening Memorandum of Law, (Dkt. 54), in trademark disputes, "the court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). Where a plaintiff's claims are dismissed with prejudice, the defendant is considered the prevailing party. *Riviera Distribs., Inc. v. Jones*, 517 F.3d 926, 928 (7th Cir. 2008) (finding defendant the prevailing party where case was dismissed with prejudice upon plaintiff's motion for voluntary dismissal); *Zila Swab Techs., Inc. v. Van Dyke*, No. 01 C 8729, 2003 WL 1745901, at *2 (N.D. Ill. Apr. 1, 2003) ("[Plaintiff's] dismissal of its Lanham Act claim with prejudice clearly makes [defendant] the 'prevailing party' for purposes of considering such an award [of attorneys' fees]."). Upon the determination of prevailing party status, when evaluating whether a case is "exceptional," courts look to the "totality of the circumstances." *LHO Chicago River, L.L.C. v. Perillo*, 942 F.3d 384, 388-89 (7th Cir. 2019); *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014). An "exceptional case" is one that "stands out with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness*, 572 U.S. at 554. Here, given the circumstances, upon a dismissal with prejudice, Marcus must be considered the prevailing party in this exceptional case, entitling Marcus to its attorneys' fees and costs. Madison's arguments are insufficient to mandate otherwise.

#### 1. Marcus is the prevailing party

Madison does not credibly challenge that Marcus should be considered the prevailing party under 15 U.S.C. § 1117(a) if the Court dismisses Madison's claims with prejudice – this is likely because it cannot.

If Madison truly intends to forgo the Hotel Kate project, it should have no issue with the court ordering dismissal with prejudice. Madison's attempts to have it both ways – temporarily cease using the "Hotel Kate" name now, while keeping its options open for a business climate more suitable to Madison's purposes – does not justify leaving Marcus with no protection against Madison refiling its claims and serial litigation.

## 2. This case is "exceptional" in both the weakness of Madison's claims and its unreasonable litigation tactics

When analyzing whether a case is "exceptional" for purposes of awarding attorneys' fees under the Lanham Act, courts consider the substantive strength of a party's litigation position and the unreasonable manner in which the case was litigated. *LHO Chicago River, L.L.C. v. Rosemoor Suites, LLC*, 988 F.3d 962, 967 (7th Cir. 2021) ("*LHO Chicago River II*"). Madison's reliance on *LHO Chicago River II* punctuates why the present case is an "exceptional" case. For example, the Court in *LHO Chicago River II* relied heavily on the fact that the magistrate judge initially found that the plaintiff was likely to succeed on the merits and granted its motion for preliminary injunction. *Id*. In contrast, Marcus's senior rights in its SAINT KATE mark are undisputed and Madison has largely ignored the fact that Madison's use of the "Hotel Kate" name causes a significant likelihood of confusion in view of the geographic overlap, similarity of marks, and identical nature of the parties' goods and services. *See Ty, Inc. v. Jones Grp. Inc.*, 237 F.3d 891, 898 (7th Cir. 2001) (finding similarity in marks and similarity in goods or services offered under the marks significant factors in determining trademark infringement).

Madison's expert, Ms. Schlumpf, said nothing about any actual consumer confusion. Her report was little more than unsubstantiated and self-serving opinions unlikely to survive any *Daubert* challenge. In contrast, Madison's Dr. Englis offered opinions directed to evaluating likelihood of confusion that were grounded in an actual survey of potential relevant consumers

6

based on standard research conditions. (Dkt. 54-6.) Dr. Englis's survey found 30.9% net consumer confusion. (*Id.* at 23.) "Generally, figures in the range of 25% to 50% have been viewed as solid support for a finding of a likelihood of confusion." J. Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition* § 32:188 (5th ed. 2022).

The results of Dr. Englis's survey reveal that a significant number of people are actually confused by the obvious similarities between Marcus's SAINT KATE mark and Madison's "Hotel Kate" name. Indeed, the net percentage of confusion is dramatically higher than the amounts of net confusion both the Northern District of Illinois and the Seventh Circuit have found to demonstrate "substantial" confusion in the past. *See, e.g., Quill Nat. Spring Water v. Quill Corp.*, No. 91 C 8071, 1994 WL 559237, *8, *10 (N.D. Ill. Oct. 6, 1994) (net confusion in parties' respective surveys ranged from 12.7% to 28.5%; "[s]ignificantly, in this case both parties' surveys found a substantial percentage of respondents were likely to be confused by the similar marks"); *see also Sands, Taylor & Wood Co. v. Quaker Oats Co.*, 978 F.2d 947 (7th Cir. 1992) (24% confusion); *James Burrough, Ltd. v. Sign of Beefeater, Inc.*, 540 F.2d 266 (7th Cir. 1976) (15% confusion); *Miche Bag, LLC v. Marshall Grp.*, 818 F. Supp. 2d 1098 (N.D. Ind. 2010) (16.2% confusion for one set of products, 27.1% confusion for another set of products). While Madison contends that its request for dismissal should have no bearing on any assessment regarding the weakness of its claims, the timing and content of the dueling expert reports tells a different story. The weakness of Madison's claims from the start of this case coupled with the strength of Marcus's expert opinions weigh in favor of awarding Marcus its attorney's fees.

Further, Madison litigated this case in an unreasonable manner. Madison contends that it is dropping its claims because it is no longer pursing the Hotel Kate project, citing, among other things, increased costs due to COVID-19 and inflation. However, the world was combatting the

7

global pandemic well before Madison filed its Complaint in December 2020. Madison can hardly cite "changed circumstances" when Madison did not even secure final financing for the project until May 2022 – seventeen months *after* Madison began prosecuting this case against Marcus. On these facts, it was unreasonable for Madison to force Marcus to incur significant legal fees over a project that was speculative at best. Madison's true goal was clear from the start, to unnecessarily impose burdensome legal fees and costs on Marcus in hopes Marcus would concede to Madison's infringement, leaving Madison to enjoy the fruits of Marcus's investment and cultivation of the SAINT KATE brand to Madison's fledging Rockford development.

These actions meet the standard for an "exceptional" case laid out in *LHO Chicago River II*. There the Court noted that in analyzing whether to award attorneys' fees based on the "the unreasonable manner in which the case was litigated," the court should consider the plaintiff's motivation and "the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* at 969. Here, awarding fees to Marcus would support the goal of deterring unreasonable litigation behavior. And, it will discourage parties from filing declaratory judgment actions against rightful trademark holders over hypothetical projects where minimal investment has been made. This case is exceptional and accordingly the Court should award Marcus its attorneys' fees and costs.

### III.    CONCLUSION

For the foregoing reasons and the reasons stated in its Memorandum of Law in Support of Defendant's Motion for Attorneys' Fees, (Dkt. 54), and Opposition to Plaintiff's Motion for Voluntary Dismissal, (Dkt. 52), Marcus respectfully requests that this Court award Marcus its reasonable attorneys' fees. Marcus will suffer plain legal prejudice if this case is dismissed without prejudice and not conditioned upon an award of attorneys' fees. Alternatively, upon a dismissal with prejudice, Marcus is the prevailing party, and this case is exceptional, mandating an award of

4886-9963-0898

reasonable attorneys' fees and costs under 15 U.S.C. § 1117(a) and Rule 54(d). In either scenario, Marcus respectfully requests time to file a fee petition with supporting documentation for the value of its counsel's services and expenses. *See* Fed. R. Civ. P. 54(d)(2)(C).

Dated: September 13, 2022        Respectfully submitted,

/s/Kadie M. Jelenchick
Kadie M. Jelenchick
Sarah E. Rieger
Foley & Lardner LLP
777 East Wisconsin Avenue
Milwaukee, WI 53202-5306
414.271.2400
414.297.4900
kjelenchick@foley.com
srieger@foley.com

***Attorneys for Defendant and Counterclaim Plaintiff The Marcus Corporation***

4886-9963-0898