IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| MADISON STREET PROPERTIES, LLC, <br><br> Plaintiff, <br><br> v. <br><br> THE MARCUS CORPORATION, <br><br> Defendant. | Case No. 3:20-cv-50471 <br><br> Honorable Iain D. Johnston |

**MEMORANDUM OPINION AND ORDER**

After nearly two years of litigation, Plaintiff Madison Street Properties (Madison), now moves to voluntarily dismiss its declaratory judgement action against Defendant The Marcus Corporation (Marcus) under Federal Rule of Civil Procedure 41(a)(2). Marcus opposes dismissal but argues that if dismissal is granted, it should be with prejudice, or alternatively, if the Court dismisses without prejudice, dismissal should be conditioned on Madison paying its attorneys' fees and costs. For the following reasons, Madison's motion for voluntarily dismissal is granted, *without* prejudice with the additional condition that it pay Marcus' attorneys' fees and costs.

# I. BACKGROUND

Madison is a property development company located in Rockford, Illinois. In 2018, Madison took preliminary steps for the development of a boutique hotel project named "Hotel Kate" in downtown Rockford, Illinois. Madison started by registering

the domain name HotelKate.com, and in 2019, obtained project financing and filed a trademark application for "Hotel Kate" with The United States Patent and Trademark Office. Construction of the hotel was to begin in 2020 and be completed in fall 2021.

Marcus is a Milwaukee, Wisconsin based company that manages and owns multiple hotels and resorts across the United States, including a boutique hotel located in Milwaukee named "The Saint Kate – The Arts Hotel," which opened in 2019. In 2020, Marcus sent Madison a cease and desist letter, expressing its concerns that Madison's use of the name "Hotel Kate" would create consumer confusion with its federally registered "Saint Kate" mark and cautioned Madison that it was willing to pursue all legal remedies to protect its "Saint Kate" mark. Compl., Exh. 1.

Madison disagrees with Marcus' contention that any consumer confusion will occur if Madison continues using the "Hotel Kate" mark and that any trademark infringement may occur. Among other factors, the hotels have a different theme, the target audience of the hotels are distinct, and the hotels are located 90 miles away from each other in different states (Illinois and Wisconsin) and in cities with different names (Rockford and Milwaukee). Compl., at 4–5.

In 2020, Madison asked the Court to issue a declaratory judgment that its current and future use of the Hotel Kate name and mark does not infringe on any of Marcus' state or federal rights including its trademark rights in the Saint Kate name. Compl., at 5–6. Madison now brings this motion to voluntarily dismiss its

action for a declaratory judgment, presumably without prejudice. Mot. to Diss., Dkt. 46. Marcus opposes dismissal without prejudice, but asks that if the Court dismisses without prejudice, it be conditioned on payment of attorneys' fees and costs. D. Opp. to Mot. to Diss., Dkt. 52., at 11. Alternatively, Marcus asks that if the Court dismisses with prejudice, it also order Madison to cease and desist from using the "Hotel Kate" name, and that the Court to consider its parallel motion for attorneys' fees. *Id.*

## II. MOTION TO VOLUNTARILY DISMISS

### A. LEGAL STANDARD

After a defendant answers, a plaintiff may only voluntarily dismiss a case with a court order. Fed. R. Civ. P. 41(a)(1); (a)(2). The court may condition its order dismissing the case upon such terms and conditions the court deems proper. F.R.C.P. (41)(a)(2). "If a defendant has pleaded a counterclaim before being served with plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication." *Id.* For example, the court may condition the dismissal on plaintiff paying defendant's attorneys' fees and costs, or that dismissal be with prejudice. *Cauley v. Wilson*, 754 F.2d 769, 771 (7th Cir. 1985). Dismissing a case with or without prejudice is at the court's discretion. *Tolle v. Carroll Touch, Inc.*, 23 F.3d 174, 177 (7th Cir. 1994). The court abuses its discretion only when a defendant will suffer "plain legal prejudice as a result of dismissal." *U.S. v. Outboard Marine Corp.*, 789 F.2d 497, 502 (7th Cir. 1986). In *Pace v. Southern Express Co.*, 409 F.2d

331 (7th Cir. 1969), the Seventh Circuit identified four factors the court may consider in determining whether the defendant would suffer "plain legal prejudice": (1) the defendant's effort and expense of preparation for trial; (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action; (3) insufficient explanation for the need to take dismissal; and (4) the fact that a dispositive motion has been filed by the defendant. The *Pace* factors are "not the equivalent to a mandate that each and every factor be resolved in favor of the moving party before dismissal is appropriate. It is rather simply a guide for the trial judge…" *Tyco Labs., Inc. v. Koppers Co., Inc.,* 627 F.2d 54, 56 (7th Cir. 1980).

Dismissals without prejudice are "usually granted only if the plaintiff pays expenses incurred by the defendant in defending the suit up to that point." *Babcock v. McDaniel*, 148 F.3d 797, 799 (7th Cir. 1998). This offsets "the possible prejudice defendant may otherwise suffer from plaintiff dismissing his complaint without prejudice." *Id.* (quoting *Marlow v. Winston & Strawn*, 19 F.3d 300, 303 (7th Cir. 1994)). Payment of attorneys' fees is the "quid for the quo of allowing the plaintiff to dismiss his suit without being prevented by the doctrine of res judicata from bringing the same suit again." *McCall-Bey v. Franzen*, 777 F.2d 1178, 1184 (7th Cir. 1985).

B. ANALYSIS

*Dismissal Without Prejudice*

Marcus objects to Madison's voluntary dismissal, so the Court must first determine whether dismissal is proper under Rule 41(a)(2). Because Marcus pleaded counterclaims[1] before being served with the motion to dismiss, the action may be dismissed over Marcus' objection only if those claims can remain pending in federal court for independent adjudication. However, Marcus stipulated that if Madison's motion is dismissed without prejudice and conditioned on payment of attorneys' fees and costs, it will likewise voluntarily dismiss its counterclaims.[2] Dkt. 60, at 5–6. So, the Court must next decide whether to dismiss the action with or without prejudice. *Tolle*, 23 F.3d at 177 (it is within the court's discretion to dismiss a case with prejudice).

Madison argues that Marcus will not suffer sufficient legal prejudice to justify a dismissal with prejudice. P. Resp. to Mot. for Attys'. Fees, Dkt. 58, 3–4. To assess whether Marcus would suffer "plain legal prejudice" from a dismissal without prejudice the Court looks to see if Marcus filed a dispositive motion of any kind. *See Pace*, 409 F.2d at 334; 8 Moore's Federal Practice – Civil § 41.40 (Matthew Bender 3d Ed.). Marcus has not filed a dispositive motion of any kind nor has the case progressed to a point where a decision on the merits is required. In *Pace*, the court denied a motion to dismiss without prejudice when the plaintiff was

---

[1] First Amended Counterclaims, Dkt. 40.
[2] Madison's explicitly states that it is not seeking dismissal of Marcus' counterclaims. Mot. to Diss., Dkt. 46 ¶ 3

5

"attempting to deprive the defendant of a ruling on [its] summary judgment motion by its dismissal tactic", which constituted "plain legal prejudice" to the defendant. *Pace*, 409 F.2d at 334. That is not the situation here. Madison does not seek dismissal without prejudice to avoid a potentially unfavorable ruling on the merits. *Mallory v. Rush Univ. Med. Ctr.*, 2020 U.S. Dist. LEXIS 209199, at *16 (N.D. Ill. Nov. 9, 2020) ("The desire to avoid an unfavorable ruling does not justify dismissing a case without prejudice."); *see Fluker v. County of Kankakee*, 741 F.3d 787, 794 (7th Cir. 2013) (voluntary dismissal without prejudice denied as a "backdoor attempt" to avoid a decision on the merits); *and see Tolle*, 23 F.3d at 178 (unfavorable rulings by the district court are not an acceptable basis to grant voluntary dismissal). Rather, Madison seeks dismissal because it is abandoning the Hotel Kate project for other reasons. The financial climate has made the project unfeasible; Madison has not broken ground on the hotel and has ceased all use of the name Hotel Kate including deactivating its website and social media accounts. P.'s Resp. to Def. Opp. to Diss., Dkt. 59, at 1, Dkt. 59-1. These reasons are a sufficient explanation for Madison requesting dismissal without prejudice. *See Pace*, 409 F.2d at 334 (the third factor in determining legal prejudice is the sufficiency of explanation for the need to take dismissal); *Mallory*, 2020 U.S. Dist. LEXIS 209199, at *14 ("An inability to continue litigation due to financial constraints can be a legitimate consideration for dismissing a case without prejudice"); *Vector Envtl. Grp., Inc. v. 3m Co.*, 2006 U.S. Dist. LEXIS 97433, at *3 (E.D. Mich. Oct. 20, 2006) (finding that a "change in business climate" and the

plaintiff's financial difficulties were a sufficient explanation for voluntary dismissal). Accordingly, Madison's motion under Rule 41(a)(2) for dismissal of its declaratory judgment is granted *without prejudice* and Marcus' counterclaims are likewise dismissed without prejudice.

***Attorneys' Fees***

Because this dismissal is without prejudice, the Court may also condition the dismissal on terms it considers proper. *See* F.R.C.P. 41(a)(2); *Carter v. City of Alton*, 922 F.3d 824, 826 (7th Cir. 2019). Marcus argues that with any dismissal, it should receive costs and fees from Madison. Although Marcus has not identified the precise amount of fees incurred in this litigation so far, this case has been litigated for nearly two years, significant discovery has occurred including, nine depositions, retaining expert reports, and subpoenas to third parties. D. Opp. to Mot. to Diss., Dkt. 52., at 1. It is undeniable that this discovery and the briefing up until this point has caused Marcus to incur substantial fees and expenses in defending this case and Madison seemingly does not dispute awarding fees and costs to Marcus. P.'s Resp. to Def. Opp. to Diss., Dkt. 59. Allowing Madison to simply drop the case without compensation for Marcus' defense efforts would cause "plain legal prejudice". *August Storck KG v. Nabisco, Inc.*, U.S. Dist. LEXIS 16143 *14 (N.D. Ill. Oct. 28, 1996). The award of fees and costs offsets the potential prejudice Marcus may suffer from allowing Madison to dismiss this case without prejudice, and also mitigates any risk Marcus faces from the suit being refiled. *Babcock*, 148 F.3d at 799; *McCall-Bey*, 777 F.2d at 1184.

7

III. CONCLUSION

For these reasons, Madison's motion for voluntary dismissal is granted *without* prejudice on the condition that Madison pays Marcus' reasonable attorneys' fees and costs. As proposed by Marcus, its counterclaims against Madison are also dismissed without prejudice. The parties are strongly encouraged to confer and resolve among themselves the issue of attorneys' fees. If they are unable to come to an agreement, the parties shall follow the procedures prescribed in Local Rule 54.3, under which the defendant would ultimately file a motion for fees if the parties remain unable to resolve the issues themselves. The parties are warned that fee issues should not devolve into satellite litigation, *see Ustrak v. Fairman*, 851 F.2d 983, 988 (7th Cir. 1988), and that a party entitled to fees may also be entitled to fees expended in recovering fees. By December 5, 2022, the parties shall file a joint statement advising the Court of the status of their negotiations over fees. The motion for fees [54] filed in the event the case was dismissed with prejudice is denied as moot.

Date: October 31, 2022

_____
Honorable Iain D. Johnston
United States District Judge