UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

Madison Street Properties, LLC, )
)
    Plaintiff/Counter Defendant, )
)
v. ) No. 20 CV 50471
)
The Marcus Corporation, )
)
    Defendant/Counter Plaintiff. )

## MEMORANDUM OPINION AND ORDER

### BACKGROUND

    This is a trademark case involving two hotels with different—but somewhat similar—names located in different states, in cities with different names, nearly 100 miles apart. Madison Street Properties, LLC, sought to develop the abandon YWCA in Rockford, Illinois into the "Hotel Kate," allegedly named after a Rockford suffragette—Kate O'Connor.[1] The building is the sole asset of the limited liability company. The property was set to begin development in 2020 with an opening date thereafter.
    The Marcus Corporation owns and operates the Saint Kate Hotel—The Arts Hotel in Milwaukee, Wisconsin. The Saint Kate Hotel opened in about 2019. When Marcus got wind of the Hotel Kate, it sent Madison letters threatening to sue it over the mark.
    Because of Marcus' threats, Madison filed a declaratory judgment action seeking an order that the Hotel Kate did not infringe on the mark. Marcus filed counterclaims. The case then proceeded through litigation, but never even reached the dispositive motion stage.

### FACTS RELATED TO THE PENDING MOTION

    On June 14, 2022, less than two years into the litigation, Madison filed a motion for voluntary dismissal under Rule 41(a)(2). Dkt. 46. According to that motion, "[a]s a result of changed circumstances", Madison sought to voluntarily

---

[1] For those unfamiliar with Rockford, Illinois, the city is home to the great suffragette, world renown humanitarian, and Nobel Peace Prize recipient Jane Addams, the most famous of all Rockford University alumni. Kate O'Connor and Jane Addams worked together in the suffragette movement.

1

dismiss its action. Later Madison expounded that the "changed circumstances" included increased costs in labor, materials, and equipment. Dkt. 63, at 9. (During the lifespan of the litigation, the world was consumed by a pandemic as well as Russia's horrific invasion of Ukraine.) The initial motion for voluntary dismissal made *no* mention of whether the dismissal would be *with* or *without* prejudice. Dkt. 46.

At this point, a reasonable person might believe that this litigation was quickly headed toward resolution. That reasonable person would be wrong.

Marcus opposed Madison's motion to voluntarily dismiss its action. Dkt. 52. Marcus reasonably argued that if the motion for voluntary dismissal were granted *without prejudice*, then the dismissal should be conditioned on Madison paying its reasonable attorneys' fees and costs. Dkt. 52, at 11-13. Alternatively, Marcus argued that Madison's action be dismissed *with* prejudice. Dkt. 52, at 13-15.

Separately, Marcus also filed a motion for attorneys' fees asserting that it was the prevailing party under the Lanham Act. 15 U.S.C. § 1117(a). In doing so, Marcus was jumping the gun. No final order or judgment had been entered yet. The motion to voluntarily dismiss was still pending and not even fully briefed.

Unsurprisingly, Madison objected to Marcus' motion for attorneys' fees. Dkt. 58. Madison also replied to Marcus' opposition to Madison's motion to voluntarily dismiss its action. Madison now made clear that the voluntary dismissal should be *without* prejudice and that "it would [be] unduly prejudicial to Madison to condition the dismissal on being with prejudice." Dkt. 59, at 1-2. Nowhere in its reply—nor in its motion for that matter—did Madison agree to the payment of attorneys' fees as a condition for dismissal *without* prejudice. Madison further explained that Marcus had not yet disclosed the amount of attorneys' fees and costs that Marcus was seeking. Dkt. 59, at 3. Madison also stated that when it moved for voluntary dismissal of its action, it "did not know that Marcus would be pursuing recovery of its attorneys' fees." Dkt. 59, at 3. (Based on the history of the litigation, the failure to anticipate that Marcus would seek its attorneys' fees was naïve.) Madison further represented that because "Madison is abandoning the Hotel Kate project, it will not be refiling the case." Dkt. 59, at 5. But Madison's reply continued to request that the dismissal be *without* prejudice. Dkt. 59, at 4. (The representation that Madison was abandoning the project but that the dismissal be *without* prejudice are incongruous. If the project is abandoned, then there is no need to keep the possibility of a future suit viable.)

Separately, Marcus continued to argue that it was entitled to attorneys' fees under the Lanham Act. Dkt. 60. In these filings, Marcus argued that a dismissal without prejudice must be condition upon the payment of attorneys' fees and costs. Dkt. 60, at 3. (In this respect, Marcus' reply brief was essentially a sur-reply to Madison's motion for voluntary dismissal. Sur-replies—particularly those buried in a separate filing—are dirty pool. *DR Distribs., LLC v. 21 Century Smoking, Inc.*, 513 F. Supp 3d 839, 956 (N.D. Ill. 2021). In the reply in support of its request for attorneys' fees under the Lanham Act, Marcus stipulated that if "the Court dismiss[ed] Madison's claims without prejudice conditioned upon an award of

2

Marcus's attorneys' fees and costs, Marcus [would] also drop its counterclaims." Dkt. 60, at 6.

After wading its way through the filings—which again started with a motion that should have terminated this action—the Court entered an order on Madison's motion for voluntary dismissal. Dkt. 61. In a nutshell, here's the ruling: "Madison's motion for voluntary dismissal is granted, *without* prejudice with the additional condition that it pay Marcus' attorneys' fees and costs." Dkt. 61, at 1. As is plain from the order's language, the Court itself imposed "the additional condition" that Madison pay attorneys' fees and costs. *Id.* The Court reiterated this ruling in its conclusion: "Madison's motion for voluntary dismissal is granted *without* prejudice on the condition that Madison pay Marcus' reasonable attorneys' fees and costs." Dkt. 61, at 8. So, the Court's ruling was clear: Under Rule 41(a)(2), which requires a court order to voluntarily dismiss an action, the Court allowed Madison to voluntarily dismiss its action *without* prejudice so long as it paid Marcus' reasonable attorneys' fees and costs. The Court itself conditioned the dismissal without prejudice on the payment of attorneys' fees and costs. The Court also denied as moot Marcus' motion for fees sought under the Lanham Act. Dkt. 61, at 8. The Court also cautioned the parties not to over-litigate the fee issue. *Id.* Indeed, the Court even identified a procedure to streamline the process. *Id.*

Following the Court's order, Madison contacted Marcus to determine the amount of attorneys' fees Marcus was seeking. To Madison's apparent surprise and disappointment, it learned that Marcus claimed that it had spent $578,339.72 in attorneys' fees in less than two years—that's a burn rate north of $20,000 per month. Dkt. 63, at 2.

PENDING MOTION

Upon learning of the amount of Marcus' claimed attorneys' fees, Madison moved to withdraw its motion for voluntary dismissal. Dkt. 63. Madison stated that it could not "meet the condition precedent placed on it by the Court". So, it moved to withdraw its motion for voluntary dismissal and filed an amended motion to dismiss, this time stipulating that the dismissal would be *with* prejudice. Dkt. 63, at 2, 6.

Despite previously stating that as an alternative to dismissal *without* prejudice with a payment of attorneys' fees and costs, the Court should dismiss Madison's action *with* prejudice, Dkt. 52, at 13-15,[2] Marcus objected to Madison's motion to withdraw its motion for voluntary dismissal *without* prejudice and dismiss *with* prejudice instead. Dkt. 65. In its opposition, Marcus claimed that Madison's motion to withdraw was "unsupported." Dkt. 71, at 3. The gist of Marcus' argument is that because Madison moved to voluntarily dismiss and the Court granted the motion, Madison is stuck with the deal. But that wasn't the deal. Marcus conveniently ignores the fact that the Court conditioned the motion upon

---

[2] "[I]n the absence of an outright award of attorneys' fees to Marcus, dismissal with prejudice is more than appropriate under these circumstances." Dkt. 52, at 14.

3

the payment of attorneys' fees, which Madison never agreed to pay in exchange for the dismissal. Think of the process similar to a contract: Madison offered to dismiss the case without prejudice and said nothing about paying attorneys' fees and costs. The Court, the body that must accept the offer, refused this offer and countered by stating that it would allow Madison to voluntarily dismiss but only if it paid Marcus' attorneys' fees and costs. Madison rejected the counter-offer, and submitted its own counter; namely, a voluntary dismissal *with* prejudice. There is a reason the process is called a *voluntary* dismissal. The party must agree to the dismissal under the terms it accepts. If the Court changes the terms of the dismissal, the party must be allowed to accept the terms or withdraw the motion.

The Court explained as much in a short minute order.

> Defendant is given until March 24, 2023, to explain in five pages or less – why Plaintiff should not be given the opportunity to withdraw its motion for voluntary dismissal that is conditioned on the payment of fees and costs. An aptly titled section of Moore's Federal Practice seems extremely relevant: Plaintiff May Reject Terms Set by Court and Withdraw Dismissal Motion. 8 Moore's Federal Practice Section 41.40[10][f] (3d 2022). Here's what the section says in relevant part. 'A plaintiff who finds the terms or conditions set by the court to be too onerous need not accept the dismissal, but is entitled to withdraw the motion and proceed with the action. An order that awards costs and attorney's fees outright, without expressly conditioning the dismissal on their payment, will nonetheless be considered conditional pursuant to the language of Rule 41(a)(2).' Dkt. 69.

The Court gave Marcus the opportunity to review this authority and file a position paper. Dkt. 69.

Undeterred, Marcus continued to assert that Madison could not withdraw its motion to voluntarily dismiss, even after the Court imposed the condition that it must pay Marcus' attorneys' fees and costs. Dkt. 71. Marcus took the position that Madison could only withdraw the motion for voluntary dismissal if the conditions were "too onerous" and that an award of attorneys' fees as a matter of law could never be too onerous. Dkt. 71, at 4-5. (Apparently, under Marcus' theory, *it* gets to decide if the Court's conditions are "too onerous" for Madison.)

Madison responded, asserting that it "cannot satisfy the Court's condition for dismissal and therefore moved to withdraw its Motion for Voluntary Dismissal." Dkt. 73, at 1. In response to Marcus' argument that paying attorneys' fees are not "too onerous," Madison rhetorically asked the obvious question: "What could be more onerous than requiring a party to do something that is impossible for it to do?"

4

RELEVANT LAW

Rule 41(a)(2) provides that a party can voluntarily dismiss an action by court order "on terms that the court considers proper." FED. R. CIV. P. 41(a)(2).  When a party moves under Rule 41(a)(2) to voluntarily dismiss and the court grants the motion but places additional terms or conditions on the motion that were not contained in the moving party's motion, the party has the right to withdraw its motion. *August Storck KG v. Nabisco, Inc.*, No. 95 C 1446, 1996 U.S. Dist. LEXIS 16143, at *15 (N.D. Ill. Oct. 30, 1996) ("However, 'a plaintiff who moves for dismissal without prejudice under Rule 41(a)(2) must be given a reasonable opportunity to withdraw his motion in the event the district court grants the motion' but with additional terms.") (*citing Marlow v. Winston & Strawn*, 19 F.3d 300, 305 (7th Cir. 1994)).  Courts uniformly allow plaintiffs to withdraw a motion to voluntarily dismiss without prejudice after a court grants the motion but conditions the dismissal upon additional terms.  *See Song v. Rom*, Case No. 1:15-cv-1438, 2017 U.S. Dist. LEXIS 19156, at *10 (N.D. Ohio Feb. 10, 2017) ("In addition, if a court does decide to condition voluntary dismissal without prejudice upon the payment of defense costs, 'a notice to the [plaintiff] of the court's intent to do so is required . . . because a plaintiff who moves for dismissal without prejudice under Rule 41(a)(2) must be given a reasonable opportunity to withdraw his motion in the event the district court grants the motion' but with additional terms."); *In re Ohio Execution Protocol Litig.*, Case No. 2:11-cv-1016, 2015 U.S. Dist. LEXIS 161692, at *18-19 (S.D. Ohio Dec. 2, 2015) ("A plaintiff who moves for dismissal without prejudice under Rule 41(a)(2) 'must be given a reasonable opportunity to withdraw his motion in the event the district court grants the motion' but with additional terms.").  Indeed, as explained to Marcus a month ago, this is hornbook law.  8 *Moore's Federal Practice*, § 41.40[10][f] (3d 2022); *see also Wilkerson v. Schirmer Eng'g Corp.*, 2009 U.S. Dist. LEXIS 77234, at *11 (D. Colo. Aug. 26, 2009) ("Some circuits have determined that a plaintiff should be given the option to 'withdraw their motion to dismiss rather than accept the conditions' placed on the dismissal by the court.").

ANALYSIS

Madison moved to voluntarily dismiss its action *without* prejudice.  It never agreed to pay attorneys' fees to obtain a voluntary dismissal.  The Court granted the motion *conditioned* upon Madison paying Marcus' attorneys' fees.  This was an additional term of the dismissal.  Madison had the right to withdraw its motion once the Court *conditioned* the dismissal on this payment.  If Madison were not allowed to withdraw its motion to voluntarily dismiss without prejudice under these circumstances, the dismissal would not be *voluntary*.

Marcus also seems to take the position that if a party withdraws a motion for voluntary dismissal it *must* proceed to trial.  Dkt. 71, at 5.  In support, Marcus cites to *Marlow v. Winston & Strawn*, 19 F.3d 300 (7th Cir. 1994).  But nothing in

*Marlow* mandates that a party withdrawing its motion for voluntary dismissal *must* proceed to trial. Indeed, as the Seventh Circuit made plain in *Marlow*, if a party that withdraws its motion for voluntary dismissal fails to prosecute the case, then the district court can dismiss the action under Rule 41(b). *Marlow*, 19 F.3d at 306 ("Of course, if Marlow's motion is denied or withdrawn, he would be expected to comply promptly with the district court's trial calendar, or be subject to involuntary dismissal under Rule 41(b) for failure to prosecute."). Finally, Marcus relies on *Clear Skies Nev., LLC v. Hancock*, No. 15 C 6708, 2017 U.S. Dist. LEXIS 135511, at *12-13 (N.D. Ill. Aug. 23, 2017) to argue that a condition of attorneys' fees is never "too onerous" to allow a party to withdraw its motion for voluntary dismissal.[3] Dkt. 71, at 4. Simply, the Court does not read *Clear Skies* to support that position, and even if the Court did read the decision that way, the Court would not follow it as it relies on an inapposite citation to *Marlow*.

      The Court grants Madison's motion to withdraw its motion for voluntary dismissal without prejudice. In its discretion, the Court grants Madison's motion for voluntary dismissal *with* prejudice. Because it is dismissing Madison's action *with* prejudice, it will not impose attorneys' fees on Madison under Rule 41. *See Cauley v. Wilson*, 754 F.2d 769, 772 (7th Cir. 1985) ("[f]ees are not awarded when a plaintiff obtains dismissal with prejudice because the defendant cannot be made to defend again."). Additionally, having reviewed the entire record and having shifted through multiple filings seeking to obtain a resolution of Madison's action, the Court does not find any extraordinary circumstance requiring the payment of attorneys' fees under Rule 41. *See Aerotech, Inc. v. Estes*, 110 F.3d 1523, 1528 (10th Cir. 1997); *Crenshaw v. Portfolio Recovery Assocs., LLC*, 443 F.Supp.3d 1057, 1063-64 (W.D. Ky. 2020). But, under controlling Seventh Circuit law, the Court awards Marcus its *reasonable* costs under Rule 54, as no recognized exception exists. *See Mother & Father v. Cassidy*, 338 F.3d 704, 710 (7th Cir. 2003). The bill of costs must be filed by May 11, 2023. Any objections to the bill of costs must be filed by June 12, 2023. Any reply must be filed by June 26, 2023.

      The dismissal with prejudice is an adjudication on the merits with full res judicata effect and means that Marcus is the prevailing party. *Jaramillo v. Burkart*, 59 F.3d 78, 79 (8th Cir. 1995); *Nemaizer v. Baker*, 793 F.2d 58, 60-61 (2d Cir. 1986). So, although the Court is not awarding attorneys' fees under Rule 41, Marcus is free to file a motion for reasonable attorneys' fees under the Lanham Act, arguing that this is an "exceptional case." 15 U.S.C. § 1117(a). *See, e.g., Sears, Roebuck & Co. v. Menard, Inc.*, No. 01C9843, 2003 U.S. Dist. LEXIS 22246 (N.D. Ill. Dec. 11, 2003). Madison does not seem to contest this fact but rightfully asserts that the "exceptional case" standard must be met. The motion should be properly supported by evidence, including an affidavit or declaration and billing records.

---

[3] Strangely, Marcus places great reliance on *Clear Skies*, which is a district court opinion, after it took exception to the Court citing *Moore's Federal Practice*, stating that it was not precedential. Of course, a district court opinion is likewise not precedential. *Bank of Am., N.A. v. Moglia*, 330 F.3d 942, 949 (7th Cir. 2003); *Colby v. J.C. Penny Co.*, 811 F.2d 1119, 1134 (7th Cir. 1987).

The motion must be filed by May 11, 2023. Madison is given until June 12, 2023 to respond to the attorneys' fee petition, and Marcus is given until June 26, 2023 to reply. Normally, the Court would require the parties to comply with Local Rule 54.3. But the Court fully believes that this process would be a fool's errand in this case. Nevertheless, the Court reminds Marcus of its admonitions about fee petitions. *See Ustrak v. Fairman*, 851 F.2d 983, 988 (7th Cir. 1988).

## CONCLUSION

Madison's motion to withdraw its motion for voluntary dismissal, Dkt. 63, is granted. Madison's amended motion for voluntary dismissal with prejudice, Dkt. 63, at 4-9, is granted. Madison's action is dismissed with prejudice without the payment of attorneys' fees under Rule 41, but reasonable costs will be imposed under Rule 54. Per Marcus' agreement, its counterclaims are dismissed *without* prejudice. As the prevailing party, Marcus may file a motion seeking attorneys' fees under Section 1117(a) of the Lanham Act. 15 U.S.C. 1117(a). That motion as well as the bill of costs is due May 11, 2023. Madison's response to both filings are due June 12, 2023. Marcus' replies are due June 26, 2023.

Entered: April 12, 2023      By: _____
Iain D. Johnston
U.S. District Judge